HENDERSON<br>v.<br>FORT.

---

## HENRY MURRAY v. J. M. KENNEDY.

Where a United States Marshall offers a reward for the arrest of a fugitive from his custody, he acts as a principal ; and although he may have signed with the addition of the words U. S. Marshall, he cannot avoid liability.

The arrest of a fugitive, and his delivery from another State into the hands of the Marshall here, is a consideration sufficient in law to be the basis of a legal obligation.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*McCay & Edwards,* for plaintiff. *Wm. Cornelius,* for defendant and appellant.

VOORHIES, J. The defendant, being United States Marshall, offered a reward of five hundred dollars for the arrest of *Wm. H. Wilder*, a fugitive from justice. *Henry Murray*, the plaintiff, made the arrest in the city of Mobile, and apprized the defendant of the fact. The latter directed the former to conduct the prisoner to the station of the Pontchartrain Railroad at the lake, promising to pay the amount stipulated.

*Wm. H. Wilder* having been handed over to the defendant, from whose custody he was a fugitive, the latter refused to comply with his promise, on the ground that the reward had been offered in his capacity of *United States Marshall,* and that, in consequence, he was not bound individually.

It is true that *Kennedy* signed these instruments with the addition of the words " U. S. Marshall," but he did not pretend to act, in this matter, as the agent of the General Government. As Marshall of this district, it was his duty to take the necessary steps to arrest *Wilder*, and, in proclaiming a reward to further this object, he was acting as a principal. He knew, and every body knew, that this reward was not due by, nay had not been stipulated on behalf of the Government.

This was not a *nudum pactum,* as contended for by the defendant's counsel : the arrest of the fugitive, and his delivery from another State into the hands of the Marshall in the parish of Orleans, were a consideration sufficient in law to be the basis of a legal obligation.

Judgment affirmed.

LAND, J., absent.